**United States District Court**

**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>PRINCE THEO JOHNSON,<br><br>    Defendant.<br>_____/ | No. CR-05-0318 MMC<br><br>**ORDER FOR CRIMINAL<br>PRETRIAL PREPARATION** |

    Good cause appearing, IT IS HEREBY ORDERED that:

**TRIAL:**

    Trial will begin on **TUESDAY**, September 6, **2005, at 9:00 a.m**. Estimated length of trial is 5 days.

**DISCOVERY:**

    By the close of business, **THURSDAY,** July 21, **2005,** the parties will exchange the information, documents and tangible objects authorized by Fed.R.Crim.P. 16.  Additional discovery shall be by motion accompanied by affidavits setting forth the unusual circumstances justifying discovery beyond the limits of Fed.R.Crim.P. 16.

**PRIOR TO FILING ANY DISCOVERY-RELATED MOTIONS, COUNSEL SHALL:**

        1.    Meet and confer with opposing counsel, and

        2.    File a declaration, under penalty of perjury, that counsel has conferred with opposing counsel with respect to each

and every issue on an informal basis.  Said declaration may be filed contemporaneously with the motion.  If no such declaration is filed, the Court will return the motion papers to counsel.

**MOTIONS:**

All motions will be heard on **TUESDAY, August 23, 2005, at 3:00 p.m.**  Motions, affidavits and memoranda shall be served, filed and an extra copy lodged with the Court by the moving party by **4:00 p.m. August 9, 2005.**  Any opposition shall be filed and an extra copy lodged with the Court by **12 o'clock noon August 16, 2005.**

A party filing or opposing any motion or other paper in this case shall show on the first page beneath the file number which, if any, of the exclusions under 18 U.S.C. § 3161 may be applicable to the action sought or opposed by the motion or other paper, and his/her calculation of the amount of excludable time to the hearing date.

**PRETRIAL CONFERENCE:**

A Pretrial Conference will be held on **TUESDAY, August 23, 2005, at 3:00 p.m.**  At the Pretrial Conference the parties shall be prepared to discuss the matters set forth in Crim.L.R. 17.1-1(b).

**PRETRIAL PREPARATION:**

Not less than **five court days** before the Pretrial Conference, counsel for the government shall:

(1) Serve and file a trial memorandum briefly stating the legal bases for the charges and the anticipated evidence, and addressing any evidentiary, procedural or other anticipated legal issues;

(2) Serve and file a list of all witnesses who may be called, together with a brief summary of the testimony of each;

(3) Serve and lodge a proposed form of verdict on pleading paper containing no reference to the party submitting it;

(4) Serve and lodge proposed questions for jury voir dire; and

(5) Serve and lodge copies of all exhibits to be offered at trial, together with a complete list (see attached form) of those exhibits.  each exhibit shall be premarked (see attached tags); generally the government shall use numbers, the defendant letters.

2

Not less than **five court days** before the Pretrial Conference, defense counsel shall comply with subparagraphs (3) and (4) above, and, to the extent consistent with the defendant's right to an effective defense, with subparagraphs (1), (2) and (5) above.

Counsel shall confer in advance of the Pretrial Conference and be prepared to discuss with the Court any anticipated evidentiary objections and any means for shortening and simplifying the trial (e.g., by stipulating to such matters as chain of custody, nature of substances, use of the mails, etc.).

**JURY INSTRUCTIONS:**

All proposed jury instructions and any objections thereto are to be served and submitted with the pretrial filings, with the exception of the following model instructions from the Ninth Circuit Manual, which will be given as indicated:

Before opening statement: **1.01 - 1.11 and 2.02.**

Before the first recess: **2.01.**

At the close of the evidence and before argument: **3.01 - 3.07 and 3.08 - 3.12** (as applicable).

At the close of argument and immediately before deliberations: **7.01 - 7.05.**

In advance of the pretrial filings the parties shall do the following:

(1) Meet and confer and resolve all jury instructions to the extent possible. Parties are expected to resolve technical or semantic differences.

(2) Prepare **one joint** set of instructions upon which the parties agree.

(3) The parties shall submit separately only those instructions upon which there is **substantive** disagreement. Each separate instruction shall note on its face the identity of the party submitting such instruction. The party or parties objecting to an instruction shall file a written objection. The form of the objection shall be as follows:

    (a) Set forth in full the instruction to which objection is made;

    (b) Provide concise argument and citation to authority explaining why the instruction is improper.

    (c) Set forth in full an alternative instruction, if any;

**United States District Court**
**For the Northern District of California**

1   (4) An original and two copies of the agreed-upon joint instructions, separate instructions and objections shall be filed on or before the date for filing the joint pretrial statement and other pretrial materials.

2
3
4   (5) The parties shall be prepared to submit two clean copies of instructions without citations, titles, or attribution on or before the date trial commences.

5
6   (6) All instructions should be concise, understandable and <u>neutral</u> statements of law. Argumentative instructions will not be given and should not be submitted.

7
8   (7) Any modifications of instructions from Ninth Circuit Model Jury Instructions, Devitt and Blackmar, or other form instructions must identify the modifications made to the original form instruction and the authority supporting the modification.

9
10
11  **TRANSCRIPTS:**

12  If transcripts will be requested during or immediately after trial, arrangements must be made with the court reporter at least one week before trial commences.

13
14  **CHANGE OF PLEA:**

15  Counsel shall give prompt notice to the United States Attorney and to the Court of any intention to change a previously entered not guilty plea.

16
17  **EXHIBITS:**

18  Each party is responsible for their exhibits. Upon the conclusion of the trial, each party shall retain their exhibits. Should an appeal be taken, it is the party's responsibility to make arrangements with the clerk of the Court to file the record on appeal.

19
20
21  **IT IS SO ORDERED.**

22
DATED: June 9, 2005

23                                        /s/ Maxine M. Chesney
                                          MAXINE M. CHESNEY
24                                        United States District Judge

25
26
27
28

4